UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MONICA LYNN NELSON,

        Plaintiff,

   v.                                         Case No. 17-cv-912-pp

JAMES COMEY and
ROBERT MUELLER,
as former Directors of the FBI,

        Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2) AND DISMISSING CASE FOR FAILURE TO STATE A CLAIM**

On July 5, 2017, the plaintiff—representing herself—filed a complaint against James Comey and Robert Mueller, former directors of the FBI. Dkt. No. 1. She also filed a motion for leave to proceed with prepaying the filing fee, dkt. no. 2, as well as an addendum asking the court to order the defendants to remove all earpieces and electronic devices that could be hacked and influence their responses to her motion, dkt. no. 3. Although the court will allow the plaintiff to proceed without prepayment of the filing fee, the court will dismiss the case for failure to state a claim.

The court may allow a litigant to proceed without prepayment of the filing fees if two conditions are met: (1) the litigant is unable to pay the filing fee; and (2) the case is not frivolous nor malicious, does not fail to state a claim on

which relief may be granted, and does not seek monetary relief against a defendant that is immune from such relief. 28 U.S.C. §§1915(a) and (e)(2).

In her request to proceed with prepaying the filing fee, the plaintiff states that she is not employed or married, dkt. no. 2 at 1, and that her monthly wages total $1,682.54, id. at 2. She collects $918 in Social Security and $764.54 in the form of a pension. Id. at 2. Her monthly expenses total $1,683. Id. at 2-3. Based on the information provided, the court concludes that the plaintiff is unable to pay the filing fees and costs associated with this case, so the plaintiff has met the financial requirements of §1915(a).

Section 1915(e)(2)(B) requires that, even if a plaintiff cannot afford to pay the filing fee, a court to dismiss her case at any time if the court determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." District courts "screen" complaints filed by self-represented plaintiffs who request relief from the filing fee, to determine whether they must dismiss complaints under these standards.

A complaint is frivolous, for purposes of §1915(e)(2)(B)(i), if "it lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989)). The court may dismiss a case as frivolous if it is based on an "indisputably meritless legal theory" or where the factual contentions are "clearly baseless." Id. at 32 (quoting Neitzke, 490 U.S. at 327). The standards for deciding whether to dismiss a case for failure to state a claim under §1915(e)(2)(B)(ii) are the same

2

as those for reviewing claims under Federal Rule of Civil Procedure 12(b)(6). DeWalt v. Carter, 224 F.3d 607, 611-12 (7th Cir. 2000). To survive dismissal, the complaint must contain enough "[f]actual allegations . . . to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Although a complaint need not contain "detailed factual allegations," a complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). "In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in his favor." DeWalt, 224 F.3d at 612. The court must liberally construe a *pro se* plaintiff's allegations, no matter how "inartfully pleaded." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

The plaintiff alleges that there is a "hacking epidemic (covertly) going on the nation." Dkt. No. 1 at 2. She asks the court or clerk to "remove any or all earpieces or headsets or any visual electronics in order to reach a just resolution and remedy." Id. According the plaintiff, on November 23, 2003, the plaintiff sought assistance from the FBI Field Office in Milwaukee in determining whether fraud had "taken place by officials" in a February 3, 2001 divorce. Id. at 2-3. The plaintiff expresses concerns that their investigation revealed high crimes at the national level, and she assumes that she has become a witness "although [she] was never briefed about these high crimes or [her] assumption." Id. at 3. She tried to enter a witness protection program, but

could not get in, id. at 3-4; she traveled to the F.B.I.'s headquarters in Washington, D.C. in an attempt to "stop all the damage" that has happened to her, but the guards had earpieces, and would not remove them to meet her, id. at 4. The plaintiff indicates that the hackers are hacking anyone with an earpiece, headset or visual electronic device. Id. at 5. The plaintiff seeks $76,000, and asks that the court issue an order requiring the F.B.I. to receive her in the witness protection program. Id. at 6-7.

The complaint does not state a claim for which this court can grant the plaintiff relief. The plaintiff does not allege that either defendant Comey or defendant Mueller took any action against her. Rather, she alleges that she has been "stonewalled" from being admitted into the Witness Protection Program. This court does not have the authority to compel the United States Attorney General to place an individual in that program, and an individual cannot receive protection on demand. Garcia v. United States, 666 F.2d 960, 962 (5th Cir.), cert. denied, 459 U.S. 832 (1982); Callas v. United States, 578 F. Supp. 1390, 1393 (S.D.N.Y. 1984) ("The government's decision to deny . . . inclusion in the Witness Protection Program can be neither reviewed nor otherwise disturbed.") The decision to include an individual in the Federal Witness Protection Program is committed to the broad discretion of the Attorney General. Abbott v. Petrovsky, 717 F.2d 1191 (8th Cir. 1983); Doe v. Civiletti, 635 F.2d 88, 97 (2d Cir. 1980). Further, to the extent that the plaintiff brings a claim for damages against James Comey and Robert Mueller in their official capacities, they are immune from suit. Claims against federal government

4

officials in their official capacity are construed as claims against the United States. See Kentucky v. Graham, 473 U.S. 159, 165–66 (1985).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepayment of fees. Dkt. No. 2. The court **ORDERS** that this case is **DISMISSED** for failure to state a claim upon which relief can be granted.

Dated in Milwaukee, Wisconsin this 31st day of August, 2017.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**